Chad E. Rankin, Esquire
Attorney I.D. # 87896
Rankin & Gregory, LLC
1476 Lititz Pike
Lancaster, PA  17601
Telephone:  (717) 656-5000
Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AMY SWEITZER and GLENN SWEITZER, husband & wife 203 West King Street Ephrata, PA  17522       Plaintiffs | CIVIL ACTION<br><br>NO. |
| v. | |
| LUIS GUZMAN TREJO 904 Cherry Dale Court Glen Burnie, MD 21061       Defendant | |
| and | |
| LANDSCAPES UNLIMITED, L.L.C. 1201 Aries Drive Lincoln, NE 68512       Defendant | |
| and | |
| ENTERPRISE FM TRUST 103 Bellevue Parkway Wilmington, DE 19809       Defendant | |

## COMPLAINT

Plaintiffs, Amy Sweitzer and Glenn Sweitzer, by and through their attorneys, RANKIN & GREGORY, LLC, do hereby file the instant Complaint upon the following cause:

1

## PARTIES

1.    Plaintiff, Amy Sweitzer (hereinafter referred to as "A. SWEITZER") is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 203 West King Street, Ephrata, PA 17522.

2.    Plaintiff, Glenn Sweitzer (hereinafter referred to as "G. SWEITZER") is an adult individual and citizen of the Commonwealth of Pennsylvania, residing therein at 203 West King Street, Ephrata, PA 17522.

3.    Defendant, Luis Guzman Trejo (hereinafter referred to as "TREJO") is an adult individual and citizen of the state of Maryland, residing therein at 904 Cherry Dale Court, Glen Burnie, MD 21061.

4.    Landscapes Unlimited, L.L.C. (hereinafter referred to as "LANDSCAPES UNLIMITED"), is a corporation, incorporated in the state of Nebraska, with a registered business of 1201 Aries Drive, Lincoln, NE 68512.

5.    At all times material hereto, LANDSCAPES UNLIMITED acted and/or failed to act in its corporate capacity and by and through its duly authorized agents, servants, workmen, employees, and/or contractors, who were acting within the course and scope of their employment(s) and/or authority(ies); said agency including, but not limited to actual, implied, apparent and/or ostensible agency; and by virtue of said agency; at all times material, LANDSCAPES UNLIMITED is also vicariously liable for the negligence and breach of duty(ies) of said agents, servants, workmen, employees, and/or contractors as more fully set forth herein.

6.    Enterprise FM Trust (hereinafter referred to as "ENTERPRISE"), is a corporation, incorporated in the state of Delaware, with a registered business of 103 Bellevue Parkway, Wilmington, DE 19809.

2

7.    At all times material hereto, ENTERPRISE acted and/or failed to act in its corporate capacity and by and through its duly authorized agents, servants, workmen, employees, and/or contractors, who were acting within the course and scope of their employment(s) and/or authority(ies); said agency including, but not limited to actual, implied, apparent and/or ostensible agency; and by virtue of said agency; at all times material, ENTERPRISE is also vicariously liable for the negligence and breach of duty(ies) of said agents, servants, workmen, employees, and/or contractors as more fully set forth herein.

## JURISDICTION & VENUE

8.    Jurisdiction and venue are proper in the Eastern District of Pennsylvania since the parties are residents of different states, the amount in controversy is above $150,000.00, and the incident occurred within said district.

## FACTS

9.    Paragraphs 1 through 8 of this instant Complaint are hereby incorporated as though the same were set forth at length herein.

10.    On or before September 27, 2024, LANDSCAPES UNLIMITED leased and/or rented a 2020 Ford F350 Supercab with VIN No. 1FT7X2B65LED95145 from ENTERPRISE (hereinafter referred to as "MOTOR VEHICLE").

11.    On or before September 27, 2024, TREJO was employed by LANDSCAPES UNLIMITED.

12.    On or about September 27, 2024, at approximately 8:57 a.m., TREJO was operating the MOTOR VEHICLE, permissively and/or in the course and scope of his employment with LANDSCAPES UNLIMITED, in the eastbound lane of Manheim Pike, near

3

the intersection with Plaza Boulevard, Lancaster, Pennsylvania (hereinafter referred to as "INTERSECTION").

13.    On or about September 27, 2024, at approximately 8:57 a.m., A. SWEITZER legally entered the INTERSECTION to turn left onto Manheim Pike from her position in the left northbound lane of Plaza Boulevard, Lancaster, Pennsylvania.

14.    On or about September 27, 2024, at approximately 8:57 a.m., TREJO, who admitted to being distracted while operating the MOTOR VEHICLE, failed to notice that his lane of travel had a red light and proceeded into the INTERSECTION, colliding with A. SWEITZER's vehicle.

15.    As a result of the collision, A. SWEITZER sustained injuries, damages, and losses, as more fully set forth hereinafter.

## COUNT I - NEGLIGENCE
## AMY SWEITZER v. LUIS GUZMAN TREJO

16.    Paragraphs 1 through 15 of the instant Complaint are hereby incorporated as though the same were set forth at length herein.

17.    The negligent conduct of TREJO was a factual cause of the injuries, damages and losses sustained by A. SWEITZER, as more fully set forth hereinafter.

18.    The negligence of TREJO consisted of the following non-exclusive particulars:

     a.    failure to exercise reasonable care under the circumstances;

     b.    failure to reasonably operate and/or control a motor vehicle;

     c.    failure to maintain a reasonable and/or adequate outlook in the operation of a motor vehicle;

     d.    operating a motor vehicle in an unlawful manner;

     e.    failure to take reasonable action to avoid the instant collision;

f.     failure to reasonably react to and/or respond to traffic, traffic patterns and/or conditions, under the circumstances;

g.     failure to keep an appropriate lookout for motor vehicles on the roadway;

h.     failure to avoid striking a motor vehicle;

i.     failure to reasonably maintain, inspect and/or otherwise provide for the safe operation of a motor vehicle, under the circumstances;

j.     failure to reasonably pay attention to traffic;

k.     failure to avoid causing a collision;

l.     unreasonably reacting to, and/or unreasonably responding to, the acts and/or failures to act of other motorists;

m.     failure to maintain a safe distance between the MOTOR VEHICLE and A. SWEITZER's vehicle at all times;

n.     failure to yield to oncoming, right-of-way traffic;

o.     failure to obey traffic control devices in violation of 75 Pa. C.S.A §3112(a)(3)(i); and

p.     careless driving in the operation of a vehicle in violation of 75 Pa. C.S.A §3714(a).

19.    The negligent conduct of TREJO was a factual cause in A. SWEITZER sustaining personal injuries and damages as a result of the September 27, 2024 incident, including, but not limited to, a left ulnar nerve injury resulting in left cubital tunnel syndrome, a concussion with post-concussive symptoms, post-traumatic headaches, visual and auditory dysfunction, post-traumatic stress disorder, anxiety, cervical strain, contusions, and injuries in and about the muscles, ligaments, tissues, nerves, bones, and/or joints, some of which said injuries and/or damages are and/or may be continuous and/or permanent in nature with additional concomitant injuries, damages and losses resulting therefrom.

5

20.    The negligent conduct of TREJO was a factual cause in A. SWEITZER suffering the following damages:

    a.    past, present and future non-economic damages as set forth in Pa. R.C.P. 223.3, to the extent authorized by the facts and law;

    b.    past, present and future physical limitations and loss of use of the injured and damaged parts of her person;

    c.    past, present and future loss and impairment of earnings and earning capacity, to the extent authorized by the facts and law;

    d.    past, present and future medical expenses, to the extent authorized by the facts and law; and

    e.    additional damages as permitted by law.

WHEREFORE, Plaintiff, Amy Sweitzer, demands judgment against Defendant, Luis Guzman Trejo, in an amount in excess of $150,000.00, together with costs, delay damages and such other relief as this Honorable Court may deem appropriate

**COUNT II- NEGLIGENCE**
**AMY SWEITZER v. LANDSCAPES UNLIMITED, L.L.C.**

21.    Paragraphs 1 through 20 of the instant Complaint are hereby incorporated as though the same were set forth at length herein.

22.    At all times material hereto, the aforesaid collision and the resulting injuries, damages and losses sustained by Plaintiff, as more fully set forth hereinafter, were directly and proximately caused by the negligent conduct of the Defendant, LANDSCAPES UNLIMITED, as more particularly described herein.

23.    LANDSCAPES UNLIMITED rented and/or leased the motor vehicle that was permissively driven by TREJO at the time of the September 27, 2024 incident described herein.

24.    LANDSCAPES UNLIMITED is vicariously liable for the negligence of its employee, TREJO, on the basis of *respondeat superior*, for the reasons set forth.

6

25.    Additionally, LANDSCAPES UNLIMITED's own negligence was a factual cause of the injuries, damages and losses sustained by A. SWEITZER, as more fully set forth hereinafter.

26.    The negligence of LANDSCAPES UNLIMITED consisted of the following non-exclusive particulars:

a.    those acts of negligence contained in sub-paragraphs 18 (a) through and including 18 (p), as referenced and incorporated herein, by virtue of the vicarious liability of the Defendant LANDSCAPES UNLIMITED for the negligence of Defendant TREJO;

b.    failure to warn TREJO of the condition and/or manner of operation of the aforesaid vehicle operated by TREJO under the circumstances;

c.    failing to properly ascertain the competency of TREJO as a motor vehicle operator before hiring him;

d.    failing to properly train TREJO in the safe operation of a motor vehicle;

e.    failure to reasonably maintain, repair, inspect, and/or otherwise provide for the safe operation of the motor vehicle operated by TREJO under the circumstances;

f.    negligent entrustment of the aforesaid vehicle to Defendant TREJO by Defendant LANDSCAPES UNLIMITED when LANDSCAPES UNLIMITED knew or should have known and/or discovered that said entrustment was unreasonable and/or unsafe under the circumstances;

g.    violation of the statutes of the Commonwealth of Pennsylvania governing ownership of motor vehicles, including without limitation, those statutes encompassing the acts of negligence contained within all the subparagraphs of paragraph 18;

h.    failing to use reasonable care under the circumstances alleged herein.

27.    The negligent conduct of LANDSCAPES UNLIMITED was a factual cause in A. SWEITZER sustaining personal injuries and damages as a result of the September 27, 2024 incident, including, but not limited to, a left ulnar nerve injury resulting in left cubital tunnel syndrome, a concussion with post-concussive symptoms, post-traumatic headaches, visual and

7

auditory dysfunction, post-traumatic stress disorder, anxiety, cervical strain, contusions, and injuries in and about the muscles, ligaments, tissues, nerves, bones, and/or joints, some of which said injuries and/or damages are and/or may be continuous and/or permanent in nature with additional concomitant injuries, damages and losses resulting therefrom.

28.    The negligent conduct of LANDSCAPES UNLIMITED was a factual cause in A. SWEITZER suffering the following damages:

    a.    past, present and future non-economic damages as set forth in Pa. R.C.P. 223.3, to the extent authorized by the facts and law;

    b.    past, present and future physical limitations and loss of use of the injured and damaged parts of her person;

    c.    past, present and future loss and impairment of earnings and earning capacity, to the extent authorized by the facts and law;

    d.    past, present and future medical expenses, to the extent authorized by the facts and law; and

    e.    additional damages as permitted by law.

WHEREFORE, Plaintiff, Amy Sweitzer, demands judgment against Defendant, Landscapes Unlimited, L.L.C., in an amount in excess of $150,000.00, together with costs, delay damages and such other relief as this Honorable Court may deem appropriate.

## COUNT III – NEGLIGENCE
## AMY SWEITZER v. ENTERPRISE FM TRUST

29.    Paragraphs 1 through 28 of the instant Complaint are hereby incorporated as though the same were set forth at length herein.

30.    At all times material hereto, the aforesaid collision and the resulting injuries, damages and losses sustained by Plaintiff, as more fully set forth hereinafter, were directly and proximately caused by the negligent conduct of the Defendant, ENTERPRISE, as more particularly described herein.

8

31.    ENTERPRISE owned the vehicle that TREJO was permissively operating at the time of the subject collision.

32.    The negligence of the Defendant, ENTERPRISE, consisted of the following non-exclusive particulars:

a.    those acts of negligence contained in sub-paragraphs 18 (a) through and including 18 (p), as referenced and incorporated herein, by virtue of the vicarious liability of the Defendant ENTERPRISE for the negligence of Defendant TREJO;

b.    failure to warn TREJO of the condition and/or manner of operation of the aforesaid vehicle operated by TREJO under the circumstances;

c.    failure to reasonably maintain, repair, inspect, and/or otherwise provide for the safe operation of the motor vehicle operated by TREJO under the circumstances;

d.    negligent entrustment of the aforesaid vehicle to Defendant TREJO by Defendant ENTERPRISE when ENTERPRISE knew or should have known and/or discovered that said entrustment was unreasonable and/or unsafe under the circumstances;

e.    violation of the statutes of the Commonwealth of Pennsylvania governing ownership of motor vehicles, including without limitation, those statutes encompassing the acts of negligence contained within all the subparagraphs of paragraph 18;

f.    negligence at law and/or negligence per se; and

g.    such other acts and/or failures to act under the circumstances.

33.    The negligent conduct of ENTERPRISE was a factual cause in A. SWEITZER sustaining personal injuries and damages as a result of the September 27, 2024 incident, including, but not limited to, a left ulnar nerve injury resulting in left cubital tunnel syndrome, a concussion with post-concussive symptoms, post-traumatic headaches, visual and auditory dysfunction, post-traumatic stress disorder, anxiety, cervical strain, contusions, and injuries in and about the muscles, ligaments, tissues, nerves, bones, and/or joints, some of which said

injuries and/or damages are and/or may be continuous and/or permanent in nature with additional concomitant injuries, damages and losses resulting therefrom.

34. The aforesaid negligence of ENTERPRISE was a factual cause in A. SWEITZER suffering, and in the future continuing to suffer, the following damages:

 a. past, present and future non-economic damages as set forth in Pa. R.C.P. 223.3, to the extent authorized by the facts and law;

 b. past, present and future physical limitations and loss of use of the injured and damaged parts of her person;

 c. past, present and future loss and impairment of earnings and earning capacity, to the extent authorized by the facts and law;

 d. past, present and future medical expenses, to the extent authorized by the facts and law; and

 e. additional damages as permitted by law.

WHEREFORE, Plaintiff, Amy Sweitzer, demands judgment against Defendant, Enterprise FM Trust in an amount in excess of $150,000.00, together with costs, delay damages and such other relief as this Honorable Court may deem appropriate.

### COUNT IV - LOSS OF CONSORTIUM
### GLENN SWEITZER v. LUIS GUZMAN TREJO

35. Paragraphs 1 through 34 of this instant Complaint are hereby incorporated as though the same were set forth at length herein.

36. At all times relevant hereto, G. SWEITZER has been the husband of A. SWEITZER.

37. As a result of the negligence of TREJO, who was the factual cause of his wife A. SWEITZER sustaining the aforementioned injuries, damage and losses, G. SWEITZER has been deprived and continues to be deprived of the care, companionship, assistance, society, support, intimacy and consortium of his wife, for which damages are claimed.

WHEREFORE, Plaintiff, Glenn Sweitzer demands judgment against Defendant, Luis Guzman Trejo in an amount in excess of $150,000.00, together with costs, delay damages and such other relief as this Honorable Court may deem appropriate.

## COUNT V - LOSS OF CONSORTIUM
## GLENN SWEITZER v. LANDSCAPES UNLIMITED, L.L.C.

38.    Paragraphs 1 through 37 of this instant Complaint are hereby incorporated as though the same were set forth at length herein.

39.    At all times relevant hereto, G. SWEITZER has been the husband of A. SWEITZER.

40.    As a result of the negligence of LANDSCAPES UNLIMITED, who was the factual cause of his wife A. SWEITZER sustaining the aforementioned injuries, damage and losses, G. SWEITZER has been deprived and continues to be deprived of the care, companionship, assistance, society, support, intimacy and consortium of his wife, for which damages are claimed.

WHEREFORE, Plaintiff, Glenn Sweitzer demands judgment against Defendant, Landscapes Unlimited, L.L.C. in an amount in excess of $150,000.00, together with costs, delay damages and such other relief as this Honorable Court may deem appropriate.

## COUNT VI - LOSS OF CONSORTIUM
## GLENN SWEITZER v. ENTERPRISE FM TRUST

41.    Paragraphs 1 through 40 of this instant Complaint are hereby incorporated as though the same were set forth at length herein.

42.    At all times relevant hereto, G. SWEITZER has been the husband of A. SWEITZER.

11

43.    As a result of the negligence of ENTERPRISE, who was the factual cause of his wife A. SWEITZER sustaining the aforementioned injuries, damage and losses, G. SWEITZER has been deprived and continues to be deprived of the care, companionship, assistance, society, support, intimacy and consortium of his wife, for which damages are claimed.

WHEREFORE, Plaintiff, Glenn Sweitzer demands judgment against Defendant, Enterprise FM Trust in an amount in excess of $150,000.00, together with costs, delay damages and such other relief as this Honorable Court may deem appropriate.

RESPECTFULLY SUBMITTED,

RANKIN & GREGORY, LLC

Date: April 6, 2026                    By: _____
                                       Chad E. Rankin, Esquire
                                       Attorney I.D. # 87896
                                       1476 Lititz Pike
                                       Lancaster, PA   17601
                                       Telephone:  (717) 656-5000
                                       Attorney for Plaintiff

12